IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION, and RICHTEK USA, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>uPI SEMICONDUCTOR CORPORATION, *et al.*,<br><br>    Defendants.<br>                                            / | No. C 09-05659 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT STAY AND TRANSFER ITC RECORD** |

      A mandatory stay was issued in this action on January 19, 2010, pending the final determination by the United States International Trade Commission ("ITC") in the matter of *Certain DC-DC Controllers and Products Containing the Same*, Investigation No. 337-TA-698 (Dkt. No. 22). On September 15, plaintiffs moved to lift the stay due to the termination of the ITC's investigation on September 9 (Dkt. No. 70). In that same motion, plaintiffs also asked the Court to request a transfer of the ITC's record in the investigation for use in the instant case. Defendants were ordered to file an opposition by September 30.

      In its filing, defendant uPI Semiconductor Corporation — the only defendant who filed an opposition to plaintiffs' motion — expressly stated that it did *not* oppose the request to lift the stay. With respect to transferring the ITC's record in the investigation for use in the instant case, however, uPI Semiconductor pointed out that the ITC's record was subject to a protective order

(issued by the administrative law judge who presided over the investigation) because it contained confidential business information from the eight respondents in the ITC's investigation. Only two of those respondents, however, are parties in the instant action. The remaining parties in the instant action were *not* respondents in the ITC's investigation and were therefore non-signatories to the ALJ's protective order. In short, there are at least six ITC respondents who produced confidential business information in the ITC investigation who are *not* parties to the instant action. These non-parties have not, and may not ever, consent to the transfer of their confidential business information for use in this action.

Given these unresolved issues regarding the confidential business information of non-parties in the record of the ITC's investigation, plaintiffs' request for the Court to order the transfer of the ITC's record in the investigation for use in the instant case is **DENIED**. This denial is without prejudice to the parties meeting and conferring and proposing a fair and proper way to handle these issues, including crafting a new protective order that addresses the concerns raised herein. As for plaintiffs' motion to lift the stay, that request is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2