IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION and RICHTEK USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UPI SEMICONDUCTOR CORPORATION, *et al.*, <br><br> Defendants. | No. C 09-05659 WHA <br><br> **ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION AND DENYING AS MOOT MOTIONS TO DISMISS FOR IMPROPER VENUE AND LACK OF STANDING** |

**INTRODUCTION**

In this action involving claims for patent infringement, copyright infringement, trade secret misappropriation, and breach of contract, various groups of defendants move to dismiss various claims on several different grounds. This order dismisses all non-federal claims for lack of subject-matter jurisdiction and dismisses all claims against fourteen Taiwanese individual defendants for lack of personal jurisdiction.

**STATEMENT**

The operative complaint in this action was filed by the Taiwanese company Richtek Technology Corporation and its wholly-owned United States subsidiary, Richtek USA, Inc.. The complaint names seventeen individuals and five companies as defendants, and alleges seven claims for relief in total. All defendants are accused of infringing three patents (counts 1–3), infringing various copyrights (count 7), and misappropriating trade secrets (count 4) that belong

to plaintiffs. Additionally, the individual defendants who are former employees of plaintiff Richtek Technology are accused of breaching two contracts (counts 5 and 6) — an "Acceptance of Appointment" agreement signed when their employment with Richtek Technology began, and a "Declaration of Leaving Duty Agreement" signed when their employment with Richtek Technology was terminated (Dkt. No. 79).

To support their complaint, plaintiffs allege that the former Richtek Technology employees, along with uPI Semiconductor Corporation and Powerchip Technology Corporation (both Taiwanese companies), "devised a complex and elaborate scheme to steal, plunder, and cart-away Richtek's invaluable trade secret and confidential information" (*ibid.* ¶ 62). Using proprietary documents and information stolen from their former employer in violation of their employment and termination contracts, the individual defendants allegedly designed competing power-management products that infringed plaintiffs' intellectual property rights and were based on plaintiffs' trade secrets. Defendant uPI allegedly then developed and sold these products in conjunction with other defendants. Plaintiffs claim that they have been injured by sales of these products to customers located in California and the United States.

Sixteen of the seventeen individual defendants are citizens of Taiwan (*ibid.*). One individual defendant, Ming Chen, is believed to be a citizen of Canada (*ibid.*). Based on their sworn declarations, the fourteen individual defendants who bring the instant motions not only are Taiwanese citizens but also worked in Taiwan or China for companies organized and existing under the laws of Taiwan with their principal places of business in Taiwan at all relevant times (Dkt No. 129). Four of the five corporate defendants are organized under the laws of Taiwan or China and have their principal places of business in Taiwan or China (Dkt. No. 79). One corporate defendant, Silicon Xtal Corp., is incorporated under the laws of California (*ibid.*). Plaintiffs admit that they have filed civil, criminal, and injunctive lawsuits in Taiwan against a subset of defendants in the instant action and also have obtained a consent decree from the United States International Trade Commission against uPI (Dkt Nos. 169 at 5, 170 at 13).

Fourteen of the seventeen individual defendants move to dismiss all claims against them based on lack of personal jurisdiction. This same group of fourteen individual defendants also

2

moves to dismiss the trade-secret-misappropriation and breach-of-contract claims based on improper venue. Along with corporate defendants uPI, Sapphire Technology Limited, and Silicon Xtal, these fourteen individual defendants move to dismiss the trade-secret-misappropriation and breach-of-contract claims for lack of subject-matter jurisdiction. This same group of seventeen defendants also moves to dismiss the patent infringement claims, the copyright infringement claims, and the breach-of-contract claims for lack of standing as to plaintiff Richtek USA. Defendant Powerchip and defendant Maxchip Electronics each have filed joinders to the latter three motions. Additionally, Powerchip has filed its own motion to dismiss for lack of personal jurisdiction, Maxchip has filed a motion to dismiss for failure to state a claim, and Ming Chen has filed a motion to dismiss for failure to state a claim; these last three motions are set for hearing in January 2011. Only two of the twenty-two defendants named in the third amended complaint — individuals who allegedly have not yet been served or made an appearance in this action — have not filed any motion to dismiss. This order follows full briefing and a hearing on the merits.

**ANALYSIS**

Each of the four motions heard on December 23 will be addressed separately.

**1.    SUBJECT-MATTER JURISDICTION**

Nineteen defendants — the fourteen Taiwanese individuals and three companies (uPI, Sapphire, and Silicon Xtl) who filed the motion, plus the two companies (Maxchip and Powerchip) who joined the motion — move to dismiss counts four, five, and six (the claims for trade secret misappropriation and breach of contract) for lack of subject-matter jurisdiction (Dkt. Nos. 122, 138, 162). This motion is **GRANTED**.

Plaintiffs claim that "[t]here is no dispute that this Court has original [federal question] jurisdiction over Richtek's patent and copyright claims" and that "Federal Statutes and case law also support the court's exercise of supplemental jurisdiction over Richtek's Non-Federal Claims of breach of contract and misappropriation of trade secrets" (Dkt. No. 170 at 4). A district court may exercise supplemental jurisdiction over claims outside the original jurisdiction where the claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would

1  ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v.*
2  *Gibbs*, 383 U.S. 715, 725 (1966).  Because federal courts are courts of limited jurisdiction, "[i]t is
3  to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing
4  the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of*
5  *Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

6        Even if a court finds that it has supplemental jurisdiction over pendent claims, however,
7  the exercise of that jurisdiction is discretionary, not mandatory; the district court "may decline to
8  exercise supplemental jurisdiction over a claim" if "the claim substantially predominates over the
9  claim or claims over which the district court has original jurisdiction."  28 U.S.C. 1367(c).
10  "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."  *United Mine*
11  *Workers*, 383 U.S. at 726.  In deciding the issue of subject-matter jurisdiction, the district court
12  may look to material external to the pleadings.  *Associacion of Am. Med. Colleges v. United*
13  *States*, 217 F.3d 770, 778–79 (9th Cir. 2000).

14        In this action, it is questionable whether plaintiffs have carried their burden of making a
15  prima facie showing of subject-matter jurisdiction over the breach-of-contract and trade-secret-
16  misappropriation claims.  Even if such a showing had been made, however, exercising
17  jurisdiction over these claims would not be appropriate.  The contract and trade secret claims
18  predominate over the infringement claims in the pleadings, and this predominance would only
19  grow more overwhelming if the Court undertook the nightmarish task of supervising foreign
20  discovery on the non-federal claims.

21        The relevant contracts are written in Chinese.  The individuals who allegedly breached
22  them and misappropriated trade secretes are Taiwanese.  The accused acts and omissions took
23  place while these individuals were living and working in Taiwan for Taiwanese companies or for
24  themselves.  As a result, the witnesses and documents relevant to these claims are located in
25  Taiwan, and the vast majority of relevant documents are written in Chinese.  Supervising
26  discovery over this body of evidence would be such a time- and resource-intensive undertaking

4

that the infringement portion of the action would be dwarfed by comparison. This observation is compelled by prior experience and by the record that has been made on the instant motions to dismiss.

At the hearing, plaintiffs cited a 2003 decision from the Third Circuit for the proposition that exercising supplemental jurisdiction is appropriate where the same set of facts violates both federal and state law. This decision recognized that supplemental jurisdiction may be appropriate where "the same acts violate parallel federal and state laws" but also that district courts should decline to exercise supplemental jurisdiction where the state claims predominate. Indeed, the decision held that a district court had abused its discretion by exercising supplemental jurisdiction over a state class claim where the state interest was "disproportionately high" compared to the antecedent federal class action. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306–312 (3d Cir. 2003). Here, the state and federal laws in question are not parallel and were allegedly violated by different acts committed in the course of defendants' alleged scheme. And, moreover, the state claims predominate for the reasons already explained.

Although plaintiffs make numerous attempts at identifying a common nucleus of operative facts that would give rise to supplemental jurisdiction over the breach-of-contract and trade-secret-misappropriation claims, it is unnecessary to decide whether they have carried their burden of doing so. This order finds that the non-federal claims would substantially predominate over infringement portion of the action and therefore declines to exercise any supplemental jurisdiction that may exist over the non-federal claims. *See Taiwan Semiconductor*, 2004 WL 5212448, at *5–8 (declining to exercise supplemental jurisdiction over claims for trade secret misappropriation and unfair competition because they substantially predominate over the patent claims). A more appropriate forum for these breach-of-contract and trade-secret-misappropriation claims would be Taiwan — the forum designated in one of the allegedly breached contracts as agreeable if not mandatory for such claims. (The parties disagree as to the correct translation and interpretation of the forum-selection clause in the "Acceptance of Appointment" agreement, including whether it is mandatory or permissive.)

5

**2.    PERSONAL JURISDICTION**

Fourteen individual defendants — all of whom are citizens of Taiwan — move to dismiss all claims against them based on lack of personal jurisdiction (Dkt. No. 121). This motion is **GRANTED WITH PREJUDICE**. Plaintiffs may not attempt to cure the lack of personal jurisdiction by filing an amended complaint.

**A.    Legal Standards**

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). California's long-arm statute authorizes the exercise of jurisdiction on any basis not inconsistent with the state or federal Constitution. CAL. CODE CIV. PROC. § 410.10. As such, the analysis of personal jurisdiction collapses into a single inquiry under federal due process.

"Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984). Plaintiff has the burden of making a prima facie showing that personal jurisdiction exists as to each defendant. On a Rule 12 motion, all uncontroverted well-pled allegations in the complaint are taken as true, and any factual conflicts are resolved in the plaintiff's favor. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Personal jurisdiction may be either general or specific to the allegations in the complaint. *See Schwarzenegger*, 374 F.3d at 801–02. Plaintiffs do not argue that general jurisdiction exists over defendants; rather, they argue only that they have made a prima facie showing of specific jurisdiction for each of the moving defendants. Accordingly, only specific jurisdiction need be considered in this order. Specific jurisdiction exists when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

6

Plaintiffs have asserted all seven of their claims against the group of individual defendants moving for dismissal based on lack of personal jurisdiction. The question of personal jurisdiction specific to the patent infringement claims must be analyzed under Federal Circuit law, but the question of personal jurisdiction specific to the other claims must be analyzed under Ninth Circuit law. *See Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348–49 (Fed. Cir. 2003).

The Ninth Circuit applies a three-prong test for analyzing claims of specific jurisdiction:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the form, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The first prong of this test, referring to purposeful direction or purposeful availment, does not require physical presence in the forum state. *Ibid.* A showing that a defendant "purposefully directed" his or her conduct toward a form state "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803. Purposeful direction may be established under the "effects test" where the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

The Federal Circuit applies a similar three-prong test, allowing district courts to exercise specific personal jurisdiction over a defendant if "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). The first prong of this test is limited to purposeful direction and does not include purposeful availment like its Ninth Circuit counterpart. Plaintiffs, however, have failed to carry their burden of establishing the first prong under either test for

7

1  specific jurisdiction. Because plaintiffs allege only purposeful direction and not purposeful
2  availment, this analysis also collapses into a single inquiry.

### B.     Application

Plaintiffs bring seven claims against these fourteen moving defendants in their individual capacities. Because this order already has declined to exercise subject-matter jurisdiction over the breach-of-contract and trade-secret-misappropriation claims, only the patent and copyright infringement claims need be considered in the personal jurisdiction analysis.

Regarding patent infringement, the operative complaint alleges that the moving individuals "contribute to and/or induce infringement of Richtek's patents by designing, soliciting, promoting, testing, marketing, offering for sale, or selling its Power Management Products for use in products containing them including but not limited to AMD's Radeon HD graphics cards, mother boards, or related boards that infringe Richtek's patents" (Dkt. No. 79 ¶ 43). Regarding copyright infringement, the operative complaint alleges that these individuals "have made unauthorized copies, prepared derivative works and distributed copies of Richtek's copyright works" that "are substantially similar to Richtek's Copyright Works," all without Richtek's permission (*ibid.* ¶ 78–79). No additional facts are pled in the complaint regarding the specifics of these alleged infringements. The complaint is likewise silent regarding how, in the course of committing these alleged infringements, defendants may have purposefully availed themselves of contact with the United States. Plaintiffs' apparent allegation that each and every one of these fourteen Taiwanese individuals, in his or her personal capacity, made an offer to sell an infringing product to a client in this forum is facially implausible. And plaintiffs — though well-positioned to do so if possible — failed to support this allegation with adequate factual pleadings.

In their opposition brief, plaintiffs allege that because of the customized nature of the products in question, the moving defendants purposefully directed their infringing activities at the United States and California: "Each of the Moving Individual Defendants had extensive communications with U.S. design customers either via email, telephone or other electronic communications to facilitate the qualifying and design-in procedure of uPI" (Dkt. No. 194 at 15).

8

Additionally, plaintiffs allege that several of the moving defendants "did visit customer's facilities in California and the United States for the purpose of designing and demonstrating products that can be qualified by the customers" (*ibid.* at 17). Defendants, however, contend that any allegedly infringing acts these individuals directed at this forum were done in the course of their employment by uPI or Powerchip — not in the individual capacity in which they have been sued.

Strong arguments have been made, both in the briefs and at the hearing, that plaintiffs have failed to establish personal jurisdiction over these individuals. Given that plaintiffs are already embroiled in four other actions regarding this same affair and that the individuals in question were plaintiffs' employees, plaintiffs plainly should have had enough information at their disposal to make a more convincing showing. Plaintiffs instead opted to make vague and conclusory allusions to intercontinental infringement that do not answer the serious factual questions raised by defendants. Plaintiffs' apparent allegation that each and every one of these fourteen Taiwanese individuals, in his or her personal capacity, made an offer to sell an infringing product to a client in this forum is facially implausible. And plaintiffs — though well-positioned to do so if possible — failed to support this allegation with adequate factual pleadings. Accordingly, this motion is **GRANTED WITH PREJUDICE** to plaintiffs filing an amended complaint intended to cure these defects.

**3. VENUE**

Sixteen defendants — the fourteen individuals who filed the motion, plus the two companies (Maxchip and Powerchip) who joined the motion — move to dismiss counts four, five, and six (the claims for trade secret misappropriation and breach of contract) for improper venue (Dkt. Nos. 126, 136, 160). Because this motion targets the exact same set of claims that this order already dismissed for lack of subject-matter jurisdiction, the motion is **DENIED AS MOOT**.

**4. STANDING**

Nineteen defendants — the fourteen individuals and three companies (uPI, Sapphire, and Silicon Xtal) who filed the motion, plus the two companies (Maxchip and Powerchip) who joined the motion — move to dismiss all claims except trade secret misappropriation (count 4) as to

9

plaintiff Richtek USA for lack of standing (Dkt. Nos. 127, 137, 161). In a "non-opposition clarification," however, plaintiffs stated that Richtek Technology is a complaining plaintiff for all seven counts in the complaint, but Richtek USA is a complaining plaintiff only for count four, trade secret misappropriation (Dkt. No. 165). In light of plaintiffs' position that Richtek USA is a complaining plaintiff only for the one count not targeted by this motion to dismiss, the motion is **DENIED AS MOOT**.

## CONCLUSION

The motion to dismiss counts four, five, and six (the claims for trade secret misappropriation and breach of contract) for lack of subject-matter jurisdiction is **GRANTED**. The motion to dismiss all claims against James Chang, YP Huang, Jay Tu, Eric Huang, George Chou, Vincent Wen, Doreen Liu, Ivy Yang, Stone Hong, Owen Hsu, Ken Wang, JC Chen, Mars Lin, and Wade Chen for lack of personal jurisdiction is **GRANTED WITH PREJUDICE**. Plaintiffs may not attempt to cure this defect by amending their complaint. The motion to dismiss counts four, five, and six (the claims for trade secret misappropriation and breach of contract) for improper venue is **DENIED AS MOOT**. The motion to dismiss counts one, two, three, five, six, and seven (all claims except trade secret misappropriation) as to plaintiff Richtek USA for lack of standing is **DENIED AS MOOT**. All requests for judicial notice are also **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE