IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UPI SEMICONDUCTOR CORPORATION, *et al.*,<br><br>　　　　Defendants.<br>_____ / | No. C 09-05659 WHA<br><br>**ORDER ALLOWING JURISDICTIONAL DISCOVERY AND SUSPENDING ALL MOTION PRACTICE** |

　　　Defendant Powerchip Technology Corporation moves for dismissal of all claims Richtek Technology Corporation asserts against it, based on lack of personal jurisdiction. After full briefing and a hearing on the motion, the record remains inadequate to decide the motion at this time. Accordingly, jurisdictional discovery will be allowed as set forth in this order.

　　　The allegations in Richtek's complaint refer to the accused products simply as "power-management products." This description is too vague to generate useful discovery. On or before **JANUARY 31, 2011**, Richtek must file papers identifying the specific chips or devices it contends infringe the patents in suit. If Richtek already has specifically identified the accused products via infringement contentions, then Richtek may file and rest on its contentions. Either way, this filing must be accompanied by a sworn declaration stating Richtek's good-faith basis for accusing these products of infringement.

With respect to each accused product, Powerchip and uPI Semiconductor Corporation then shall each produce independently to Richtek for inspection and copying *all* materials necessary to show the *full* extent to which Powerchip has made or manufactured the accused products or components thereof, including without limitation all contracts, design specifications, delivery schedules, emails, letters, notes, and other materials bearing on the subject.  Failure to fully comply may result in adverse inferences being drawn with respect to Powerchip's pending motion to dismiss (and possibly with respect to other future issues as well).  This discovery must be completed by **FEBRUARY 28, 2011**.

Richtek then may depose a total of up to four individuals from uPI or Powerchip to develop evidence with respect to the personal jurisdiction issue.  Counsel may also inquire as to the existence and location of documents.  These depositions are *not* limited to personal jurisdiction issues but may address the merits;  otherwise, counsel will bicker over whether questions are proper or improper.  These depositions shall count toward the ten depositions allocated to Richtek under FRCP 30.  This discovery must be completed by **MARCH 31, 2011**.

No later than **APRIL 14, 2011**, both Richtek and Powerchip may supplement their existing submissions on the personal jurisdiction issue with the benefit of the discovery allowed by this order.

If any other defendant intends to raise issues of personal jurisdiction, it must so advise the Court by **NOON ON JANUARY 20, 2011**.  A discovery plan to address those personal jurisdiction issues will be considered at that time.  All other personal jurisdiction issues will be deemed waived.

No further motions *of any kind* may be filed by any party until after all pending motions have been resolved and permission to resume motion practice has been granted.  The reason for this limitation is that counsel have filed too many motions.

**IT IS SO ORDERED.**

Dated: January 14, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2