IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHTEK TECHNOLOGY CORPORATION,

    Plaintiff,

  v.

UPI SEMICONDUCTOR CORPORATION, *et al.*,

    Defendants.

No. C 09-05659 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MAXCHIP'S MOTION TO DISMISS**

## INTRODUCTION

In this patent and copyright infringement action, defendant Maxchip Electronics Corporation moves to dismiss all remaining claims against it for inadequate pleading pursuant to FRCP 12(b)(6). This order partially grants Maxchip's motion to dismiss.

## STATEMENT

The operative complaint in this action was filed by the Taiwanese company Richtek Technology Corporation and its wholly-owned United States subsidiary, Richtek USA, Inc. The complaint named seventeen individuals and five companies as defendants, and alleged seven claims for relief in total. After the first round of motions to dismiss, all claims against fourteen Taiwanese individuals were dismissed for lack of personal jurisdiction, and all claims for breach of contract and trade-secret misappropriation were dismissed for lack of subject-matter jurisdiction. The four claims that now remain in the action accuse all defendants of infringing

three United States patents (counts 1–3) and various United States copyrights (count 7) that belong to Richtek Technology. Because Richtek USA was a complaining plaintiff only for the trade-secret-misappropriation claim, which was dismissed, Richtek USA is no longer a party to this action (Dkt. Nos. 165, 212).

The factual theory of Richtek's complaint is that Taiwanese former employees of Richtek Technology, along with Powerchip Technology Corporation and uPI Semiconductor Corporation (both Taiwanese companies), "devised a complex and elaborate scheme to steal, plunder, and cart-away Richtek's invaluable trade secret and confidential information" (Dkt. No. 79 ¶ 62). Using proprietary documents and information stolen from their former employer, the individual defendants allegedly designed competing power-management products that infringed plaintiffs' intellectual property rights. Defendant uPI allegedly then developed and sold these products in conjunction with other defendants. Richtek claims that it has been injured by sales of these power-management products to customers in California and the United States.

Defendant Maxchip now brings a motion to dismiss all remaining claims against it for failure to state a claim pursuant to FRCP 12(b)(6). Maxchip is incorporated in Taiwan and has its principal place of business in Taiwan; Richtek alleges that Maxchip was spun off from Powerchip in 2008 (Dkt. No. 79 ¶¶ 5–6). Maxchip is alleged to manufacture infringing power-management products (*ibid.* ¶ 36). Richtek accuses Maxchip of infringing its patents directly by making these products for sale in the United States and indirectly by inducing defendant uPI to sell these products in the United States (*id.* ¶¶ 82, 90, 98). Maxchip also is alleged to have had access to Richtek's copyrighted works and, without permission, to have "made unauthorized copies, prepared derivative works and distributed copies of" these works that are substantially similar to the protected works (*id.* ¶ 77–79). No accused products or works are specifically identified in the complaint, and no further information is provided regarding the role Maxchip plays in the accused manufacturing and distribution process. Richtek has set forth more specific descriptions and allegations only in its briefs and declarations opposing the instant motion to dismiss. This order follows full briefing and a hearing on the motion.

2

**ANALYSIS**

Defendant Maxchip moves to dismiss all claims against it for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). This motion is **GRANTED IN PART AND DENIED IN PART**.

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and considered in the light most favorable to the nonmoving party. *Ibid.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted).

Although materials outside of the pleadings generally should not be considered without converting the motion to a motion for summary judgment, a district court may consider all materials submitted as part of the complaint, including documents to which the complaint specifically refers, even if they are not physically appended to the complaint. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The complaint currently operative in this action is the third amended complaint, which was filed on September 28, 2010.[1] Copies of the three asserted patents and various copyright registrations are appended to this complaint as exhibits (Dkt. No. 79). The sufficiency of the patent and copyright claims will be considered in turn.

**A.   Patent Claims for Relief**

Counts 1–3 of the operative complaint accuse Maxchip of patent infringement. Section 271(a) of the United States Patent Act states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United

---

[1] Richtek has filed a motion for leave to file a fourth amended complaint; a hearing on that pending motion is scheduled for February 10, 2011.

3

States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. 271(a). A complaint for patent infringement should identify the patents in dispute, allege ownership of them, and allege the act that constitutes infringement. *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001).

Richtek's third amended complaint does so. The complaint identifies the three patents that Maxchip is accused of infringing, and a certified copy of each patent is appended to the complaint (Dkt. No. 79 Exh. 1–3). The complaint also alleges that Richtek Technology Corporation "is the owner of all right and title" to these three patents (*ibid.* ¶¶ 31–33). Finally, the complaint alleges acts that constitute infringement — manufacturing infringing power-management products and inducing uPI to sell these products in the United States (*id.* ¶¶ 36, 82, 90, 98). Taken together, these allegations state a plausible claim for entitlement to relief sufficient to pass muster under Rule 12(b)(6) scrutiny.

Maxchip's argument that these allegations amount to no more than the type of conclusory statements and labels that the Supreme Court deemed inadequate is unpersuasive. Maxchip makes much of the fact that the complaint fails to accuse specific Maxchip products, but Maxchip does not cite any binding authority for such a requirement. Moreover, the complaint identifies the category of Maxchip products that are accused: "power-management products." Given this product-type description, Richtek's pleadings that Maxchip manufactures products that infringe three specific Richtek patents is not "bereft of any meaningful facts" as Maxchip claims (Br. 8). Even if only by a small margin, Richtek's patent-infringement claims against Maxchip rise above the level of "labels and conclusions" and "formulaic recitation of the elements of a cause of action." Maxchip's motion to dismiss the patent infringement claims (counts 1–3) is **DENIED**.

### B. Copyright Claim for Relief

Richtek's copyright-infringement claim against Maxchip, on the other hand, does not make the cut. Maxchip rightly notes a complete lack of particularity in the amended complaint with respect to the copyright-infringement claim, and Richtek fails to identify any pleadings that are sufficient to state this claim.

4

In order to establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). As to the second element, Richtek's complaint makes only conclusory statements, reciting the statutory acts that constitute copyright infringement without providing any factual allegations to identify Maxchip's allegedly infringing acts or works. The complaint describes the works whose copyrights are allegedly infringed ("data schematics, software code, mask works, data sheets and other copyrightable expressions related to Richtek's proprietary design-in process for semiconductors") but provides no such description of the acts or works that allegedly infringe them (Dkt. No. 79 ¶ 75). The closest the complaint comes — and the only portion of the complaint Richtek identifies as pleading acts and works by Maxchip that infringe its copyrights — are paragraphs 77 and 78:

> 77. Upon information and belief, Defendants uPI, Powerchip, Maxchip, Silicon Xtal, XYZ Companies 1–4, the Former Richtek Employees, Former AMD Employee Ming Chen, and John Does 1–10 have had access to Richtek's Copyright Works.
> 78. Upon information and belief, Defendants uPI, Powerchip, Maxchip, Silicon Xtal, XYZ Companies 1–4, Former Richtek Employees, Former AMD Employee Ming Chen, and John Does 1–10 have made unauthorized copies, prepared derivative works and distributed copies of Richtek's copyright works ("the Accused Works") all without Richtek's permission.

(Dkt. No. 79 ¶¶ 77–78). Richtek's argument that these paragraphs put Maxchip on notice of its copyright infringement contentions is laughable. Unlike the patent infringement pleadings, these paragraphs do not identify even a category of works or acts by Maxchip accused of infringement. Bald recitations of legal conclusion like those contained in these paragraphs do not state a claim upon which relief can be granted. Maxchip's motion to dismiss the copyright infringement claim against it (count 7) is **GRANTED**.

## CONCLUSION

Maxchip's motion to dismiss all claims against it for failure to state a claim upon which relief can be granted is **GRANTED IN PART AND DENIED IN PART**. Maxchip's motion is **GRANTED** as to the copyright infringement claim but **DENIED** as to the patent infringement claims.

5

Within **FOURTEEN CALENDAR DAYS** after motion practice resumes in this action, plaintiffs may file a motion on the normal 35-day track seeking leave to file amended pleadings that might save the dismissed claim. A proposed amended complaint must be appended to such a motion, and the motion should explain clearly why the amended complaint overcomes the deficiencies stated herein. If the proposed amendments do not address these deficiencies, they will not be allowed.

**IT IS SO ORDERED.**

Dated: January 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE