**United States District Court**
For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   RICHTEK TECHNOLOGY                    No. C 09-05659 WHA
     CORPORATION,
11
                Plaintiff,
12
                                          **ORDER GRANTING IN
13      v.                                PART MING CHEN'S
                                          MOTION TO DISMISS
14   UPI SEMICONDUCTOR                     AND VACATING HEARING**
     CORPORATION, *et al.*,
15
                Defendants.
16
                                        /

17                          **INTRODUCTION**

18        In this patent and copyright infringement action, defendant Ming Chen moves to dismiss

19   all claims against him for inadequate pleading pursuant to FRCP 12(b)(6).  This order partially

20   grants the motion.

21                           **STATEMENT**

22        The operative complaint in this action was filed by the Taiwanese company Richtek

23   Technology Corporation and its wholly-owned United States subsidiary, Richtek USA, Inc.[1]  The

24   complaint named seventeen individuals and five companies as defendants, and alleged seven

25   claims for relief in total.  After the first round of motions to dismiss, all claims against fourteen

26   Taiwanese individuals were dismissed for lack of personal jurisdiction, and all claims for breach

27   of contract and trade-secret misappropriation were dismissed for lack of subject-matter

28

---

[1]The Third Amended Complaint, filed on September 28, 2010, currently is the operative complaint in
this action.  Richtek's motion for leave to file a fourth amended complaint will be heard on February 10, 2011.

jurisdiction.  After the second round of motions to dismiss, the copyright claim against Maxchip

Electronics Corporation was dismissed for inadequate pleading pursuant to FRCP 12(b)(6), and

jurisdictional discovery was allowed regarding personal jurisdiction over defendant Powerchip

Technology Corporation.  Because Richtek USA was a complaining plaintiff only for the trade-

secret-misappropriation claim, which was dismissed in the first round of motions, Richtek USA is

no longer a party to this action.  The only remaining claims asserted against Ming Chen are

Richtek Technology's accusations that Ming Chen infringed three United States patents

(counts 1–3) and various United States copyrights (count 7) that belong to Richtek Technology

(Dkt. Nos. 165, 212, 235, 236).

The factual theory of Richtek's complaint is that Taiwanese former employees of Richtek

Technology, along with Powerchip and uPI Semiconductor Corporation (both Taiwanese

companies), "devised a complex and elaborate scheme to steal, punder, and cart-away Richtek's

invaluable trade secret and confidential information" (Dkt. No. 79 ¶ 62).  Using proprietary

documents and information stolen from their former employer, the individual defendants

allegedly designed competing power-management products that infringed plaintiffs' intellectual

property rights.  Defendant uPI allegedly then developed and sold these products in conjunction

with other defendants.  Richtek claims that it has been injured by sales of these power-

management products to customers in California and the United States.

Defendant Ming Chen now brings a motion to dismiss counts one through four and seven

for failure to allege facts sufficient to state a cognizable claim against him pursuant to

FRCP 12(b)(6).  Unlike the fourteen individual defendants already dismissed for lack of personal

jurisdiction, Ming Chen is not a Taiwanese former employee of Richtek.  Ming Chen is a citizen

of Canada.  He is allegedly "a former employee of AMD and an employee of ATi when AMD

acquired ATi sometime in 2006" (Compl. ¶ 59).  Neither AMD nor ATi is a defendant in this

action.  AMD allegedly is a Delaware corporation that acquired ATi Technology ULC in 2006

and absorbed ATi into its Graphics and Media Processor Division.  According to Richtek, "[t]his

divisions designs, develops, tests, markets, offers for sale, and/or sells the ATI Radeon HD

graphics processor units (GPUs) and related graphics cards or boards ('AMD's Radeon HD

United States District Court
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1  graphics cards') in the United States and in this district that incorporate at least uPI's Power

2  Management Products" (Compl. ¶ 37–38).  Ming Chen allegedly "was the Manager of Graphics

3  Board Development for AMD/ATi in 2006 and had substantial influence over which IC vendor

4  AMD/ATi would use on its graphics boards and reference designs" (Compl. ¶ 59).  Additionally,

5  the compliant states that "Ming Chen became acquainted with former Richtek employees James

6  Chang and Amanda Dai through the business relations between and among Richtek, AMD and

7  ATi" and that "Ming Chen or a close family member had an undisclosed financial interest in uPI

8  which resulted in Ming Chen's being terminated from AMD" (Compl. ¶ 60–61).  No other

9  specific facts regarding Ming Chen or his role in the allegedly infringing activities are pled in the

10  complaint.  This order follows full briefing on the motion.

**ANALYSIS**

12  Richtek's trade-secret-misappropriation claim already has been dismissed for lack of

13  subject-matter jurisdiction (Dkt. No. 212).  Accordingly, Ming Chen's motion to dismiss that

14  claim pursuant to FRCP 12(b)(6) is **DENIED AS MOOT**.  Ming Chen's motions to dismiss the

15  copyright- and patent-infringement claims will be considered in turn.

16  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

17  alleged in the complaint.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

18  1995).  All material allegations of the complaint are taken as true and considered in the light most

19  favorable to the nonmoving party.  *Ibid.*  "While a complaint attacked by a Rule 12(b)(6) motion

20  to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

21  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

22  formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

23  enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

24  U.S. 544, 555 (2007) (citations omitted).  In short, the complaint must contain sufficient factual

25  matter to "state a claim to relief that is plausible on its face."  *Ibid.* at 570.

26  Although materials outside of the pleadings generally should not be considered without

27  converting the motion to a motion for summary judgment, a district court may consider all

28  materials submitted as part of the complaint, including documents to which the complaint

3

United States District Court
For the Northern District of California

1   specifically refers, even if they are not physically appended to the complaint. *Hal Roach Studios,*

2   *Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Copies of the three

3   asserted patents and various copyright registrations are appended to the Third Amended

4   Complaint as exhibits (Dkt. No. 79).

5   **1.      Copyright-Infringement Claim for Relief**

6          In order to establish copyright infringement, two elements must be proven: (1) ownership

7   of a valid copyright, and (2) copying of constituent elements of the work that are original. *Rice v.*

8   *Fox Borad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). As to the second element, Richtek's

9   complaint makes only conclusory statements, reciting the statutory acts that constitute copyright

10  infringement without providing any factual allegations to identify Ming Chen's allegedly

11  infringing acts or works. The complaint describes the works whose copyrights allegedly are

12  infringed ("design schematics, software code, mask works, data sheets and other copyrightable

13  expressions related to Richtek's proprietary design-in process for semiconductors") but provides

14  no such description of the acts or works that allegedly infringe them (Dkt. No. 79 ¶ 75). The

15  closest the complaint comes — and the only portion of the complaint Richtek identifies as

16  pleading acts or works by Ming Chen that infringe its copyrights — are paragraphs 77 and 78:

17                  77. Upon information and belief, Defendants uPI,
             Powerchip, Maxchip, Silicon Xtal, XYZ Companies 1–4, the
18           Former Richtek Employees, Former AMD Employee Ming Chen,
             and John Does 1–10 have had access to Richtek's Copyright
19           Works.

20                  78. Upon information and belief, Defendants uPI,
             Powerchip, Maxchip, Silicon Xtal, XYZ Companies 1–4, Former
21           Richtek Employees, Former AMD Employee Ming Chen, and John
             Does 1–10 have made unauthorized copies, prepared derivative
22           works and distributed copies of Richtek's copyright works ("the
             Accused Works") all without Richtek's permission.
23
24  (Dkt. No. 79 ¶ 77–78). As noted in the order dismissing Richtek's copyright-infringement claim

25  against defendant Maxchip Electronics Corporation, Richtek's argument that these paragraphs put

26  defendants on notice of its copyright infringement contentions is laughable. Equally laughable is

27  Richtek's new assertion that it has "provided sufficient factual allegations that are plausible to

28  support its copyright claims" (Opp. 7). These paragraphs do not identify even a category of acts

    or works by Ming Chen accused of infringement. The complaint alleges that Ming Chen worked

4

for a company in the distribution chain for the products accused of patent infringement, but it does not provide any facts regarding how Ming Chen — in the personal capacity in which he is named as a defendant — allegedly infringed Richtek's copyrights.  Richtek's copyright claim against Ming Chen therefore is not "plausible on its face."  Bald recitations of legal conclusion like those contained in paragraphs 77–78 of the Third Amended Complaint do not state a claim upon which relief can be granted.  Ming Chen's motion to dismiss the copyright-infringement claim against him (count 7) is **GRANTED**.

### 2.      Patent-Infringement Claims for Relief

Counts 1–3 of the Third Amended Complaint accuse Ming Chen, in his personal capacity, of infringing three Richtek patents.  Section 271(a) of the United States Patent Act states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. 271(a).  A complaint for patent infringement should identify the patents in dispute, allege ownership of them, and allege the act that constitutes infringement.  *See Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001).  Richtek's Third Amended Complaint does not provide any factual allegations of acts committed by Ming Chen in his individual capacity that might constitute infringement.

The Third Amended Complaint accuses Ming Chen of patent infringement, along with all other defendants, only in formulaic statements that defendants "directly and/or indirectly infringe" all three asserted patents "by designing, soliciting, promoting, testing, marketing, offering for sale, or selling infringing Power Management Products and products containing them in this district and elsewhere in the United States" (Dkt. No. 79 ¶¶ 83, 91, 99).  The complaint provides factual allegations regarding Ming Chen's role as an employee of companies in the distribution chain for the accused products, but it does not identify any acts of alleged infringement that may be attributed to Ming Chen in his individual capacity.

Many of the alleged acts of patent infringement that Richtek points to in its opposition are acts committed by various companies, not by Ming Chen.  For example, Richtek highlights that AMD allegedly "qualifies uPI's Power Management Products for incorporation and use in

United States District Court

For the Northern District of California

1    AMD's Radeon HD graphics cards [and other products]" and then encourages defendant Sapphire

2    Technology Limited to "manufacture, import, offer to sell, and sell after importation into the

3    United States and in this district AMD's Radeon HD graphics cards [and other products]"

4    (Opp. 3–4).  These acts are pled against AMD and Sapphire without any mention of Ming Chen,

5    and Richtek provides no reason why they should be attributed to Ming Chen.

6          The operative complaint does provide a few factual allegations of infringing acts by Ming

7    Chen, but all of these acts were done in the course of Ming Chen's employment by AMD or ATi.

8    Even Richtek's opposition brief is unable to avoid this fact;  in summarizing Richtek's

9    infringement allegations against Ming Chen, it states:  "Richtek has likewise put Ming Chen on a

10   fair notice of his alleged acts of infringement — *e.g.*, as a Manager of Graphics Board

11   Development for AMD/ATi in the relevant period, he exercised substantial influence over

12   AMD's decisions to qualify the infringing products for incorporation and use in AMD's

13   infringing Radeon HD graphics cards that were sold or offered for sale in the United States."

14   (Opp. 6).  Based on this theory, Richtek cannot state a patent-infringement claim against Ming

15   Chen as an individual, and indeed, based on the factual allegations in the Third Amended

16   Complaint, Richtek has not stated a patent-infringement claim against Ming Chen.

17         Richtek sued Ming Chen in his individual capacity for infringing three Richtek patents,

18   but there are no factual allegations in Richtek's complaint to support these patent-infringement

19   claims.  As such, Richtek's claims against Ming Chen for patent infringement are not plausible on

20   their face.  Ming Chen's motion to dismiss all patent-infringement claims against him

21   (counts 1–3) is **GRANTED**.

22                                **CONCLUSION**

23         Ming Chen's motion to dismiss all claims against him for failure to state a claim upon

24   which relief can be granted is **GRANTED IN PART AND DENIED IN PART**.  Ming Chen's motion to

25   dismiss the trade-secret-misappropriation claim against him is **DENIED AS MOOT**.  Ming Chen's

26   motion to dismiss the patent- and copyright-infringement claims against him is **GRANTED**.

27   Claims 1–3 and 7 against Ming Chen are **DISMISSED**.  Accordingly, Ming Chen is no longer a

28

                                        6

defendant in this action.  The hearing on Ming Chen's motion to dismiss set for January 27, 2011, is hereby **VACATED**.

In order to expedite the process of finalizing the pleadings, an exception will be made to the current stay against filing new motions.  Within **FOURTEEN CALENDAR DAYS**, plaintiffs may file a motion on the normal 35-day track seeking leave to file amended pleadings that might save any claims dismissed by this order or previous orders.  A proposed amended complaint must be appended to such motion, and the motion should explain clearly why the amended complaint overcomes the deficiencies stated herein.  If the proposed amendments do not address these deficiencies, they will not be allowed.

Richtek is hereby put on notice that a dramatic change in its approach to the pleadings is due.  The vague and overbroad style of pleading Richtek has employed in this action to date has precipitated extensive motion practice that would have been largely unnecessary if Richtek had filed a better complaint.  The instant motion to dismiss is the *seventh* one decided this month in this action, and it should not have been required in the first place.  Going forward, counsel must make a comprehensive and diligent effort to avoid unnecessary motion practice.

**IT IS SO ORDERED.**

Dated: January 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7