UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>    Plaintiff,<br>       v.<br><br>UPI SEMICONDUCTOR CORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 09-05659 WHA (LB)<br><br>**ORDER REGARDING APRIL 8, 2011 JOINT DISCOVERY LETTER**<br><br>**[ECF No. 290]** |

## I. INTRODUCTION

This case – referred to this court for discovery disputes – is an action for patent infringement and copyright infringement by Plaintiff Richtek Technology Corp. against Defendants uPI Semiconductor Corp. and Powerchip Technology Corp., among others. Third Amended Complaint, ECF No. 79; 1/3/11 Order, ECF No. 212 (dismissing claims for trade secret misappropriation and breach of contract); Order Re Discovery Disputes, ECF No. 268.[1] Richtek manufactures integrated circuits ("chips") that convert high DC voltage to low DC voltage so that devices can have lower DC power consumption. *Id.* at ¶ 30.

This case is stayed in its entirety pending the U.S. Patent and Trademark Office's reexamination

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

of the patents-at-issue in this suit. Order, ECF No. 267. The only discovery permitted is certain jurisdictional discovery allowed by Judge Alsup after Powerchip moved to dismiss all claims for lack of personal jurisdiction. *See* Motion to Dismiss for Lack of Jurisdiction, ECF No. 135; 1/14/11 Order, ECF No. 235. Judge Alsup allowed jurisdictional discovery as follows:

> With respect to each accused product, Powerchip and uPI Semiconductor Corporation shall each produce independently to Richtek for inspection and copying *all* materials necessary to show the *full* extent to which Powerchip has made or manufactured the accused products or components thereof, including without limitation all contracts, design specifications, delivery schedules, e-mails, letters, notes, and other materials bearing on the subject.

1/14/11 Order, ECF No. 235 at 2. The order provided that Powerchip and uPI must produce all responsive records by February 28, 2011 and that failure to comply fully may result in an adverse inference being drawn against Powerchip in its motion to dismiss (and possibly future motions). *Id.* The order also allowed Richtek to depose up to four uPI and Powerchip personnel by March 31, 2011. *Id.* at 2. Then, Richtek and Powerchip had until April 14, 2011 to file supplemental briefing on the motion to dismiss regarding personal jurisdiction for Powerchip. *Id.*

## II. PENDING DISCOVERY DISPUTE

The pending discovery dispute is about whether Judge Alsup's January 14, 2011 order requires uPI to produce certain additional documents. After meeting and conferring on March 30, 2011,[2] Richtek and uPI filed a joint discovery letter on April 8, 2011. 4/8/11 Joint Letter, ECF No. 290.[3] The letter presents a single discovery dispute: namely, whether under Judge Alsup's January 14, 2011 jurisdictional discovery order, uPI must produce 30 documents it previously produced in a related U.S. International Trade Commission (ITC) proceeding.[4] The ITC proceeding involved

---

[2] Richtek claims that the parties met and conferred on February 14, March 8, and March 30, 2011. 4/8/11 Joint Letter, ECF No. 290 at 1. In contrast, uPI contends that the parties met and conferred only once on March 30, 2011 because the parties did not identify or discuss the specific documents at issue during the February 14 and March 8, 2011 meetings. *Id.* at 8.

[3] The parties filed the joint letter at 6:25 p.m. on April 8, 2011 – a Friday evening. The court did not receive the joint letter until April 11, 2011 (a Monday), three days before supplemental briefing was due under Judge Alsup's jurisdictional discovery order.

[4] Richtek originally requested 176 documents from the ITC proceeding but later reduced its request to 33 documents. *Id.* at 10. uPI produced 3 of the 33 requested documents. *Id.* at 2, 10-11.

C 09-05659 WHA (LB)
ORDER RE 4/8/11 JOINT DISCOVERY LETTER
2

Richtek and uPI; Powerchip was not a party. *Id.* at 10, n.9. uPI produced the documents as "Confidential Business Information" under an ITC Protective Order. *Id.* at 1-3. Richtek claims that the ITC proceedings "involved the same patents and the same accused products." *Id.* at 1. According to uPI, much of the discovery in the proceeding related to trade secret misappropriation, not patent claims. *Id.* at 10, n.9.

The 30 documents at issue, among others, are deposition transcripts (and exhibits) of Michael Tsai[5] (Powerchip's Vice-Chairman), Milton Hsieh (Powerchip's Assistant Vice-President), and James Chang (uPI's Vice President). *Id.* at 3, n.3. Richtek also seeks exhibits from the depositions of YP Huang, Eric Huang, George Chou, and Vincent Wen, all of whom Richtek claims are current uPI employees who worked previously for Powerchip. *Id.*

A.  **Richtek's Argument**

Richtek argues that uPI must produce 30 documents previously produced in the ITC proceeding because these documents are (1) responsive to Judge Alsup's jurisdictional discovery order and (2) relevant to show that Powerchip and its employees made and manufactured the accused products. *Id.* at 3-5. Richtek asserts that the requested documents are responsive to Judge Alsup's order because "the conduct of Powerchip's employees related to the accused products bears directly on the personal jurisdiction issue." *Id*. at 3. More specifically, Richtek argues that during 2006 and 2007, Powerchip employed at least four current uPI employees (YP Huang, Eric Huang, George Chou, and Vincent Wen) who worked on the design, development, offer for sale, and sale of the accused product, and therefore, their conduct can legally be imputed to Powerchip. *Id*. at 4. Consequently, the requested documents are relevant to show the extent of Powerchip's employees' involvement in this process. *Id.* at 4-5.

Additionally, Richtek argues that its production request its timely because Judge Alsup's order did not require uPI to produce the requested documents until February 28, 2011. *Id.* at 6-7. Thereafter, the parties met and conferred on three separate occasions, the final time on March 30,

---

[5] uPI contends that it produced Mr. Tsai for deposition in the ITC proceeding in his capacity as Chairman of uPI, not in his capacity as Powerchip's Vice-Chairman. Joint Letter, ECF No. 290 at 11 n.12.

2011, in an attempt to reach a compromise. *Id.*

Finally, Richtek contends that because the parties have already signed a stipulated protective order in this case, uPI's concerns with the improper use of the disclosed documents is unfounded. *Id.* at 6. Therefore, Richtek urges the court to compel uPI to produce the 30 documents in question.

**B. uPI's Argument**

uPI argues that Powerchip, a uPI investor, did not make or manufacture the accused products so technically it was not required to produce any documents. *Id.* a 8, 12. Nonetheless, it produced documents that prove Powerchip did not make or manufacture the accused products. *Id.* It submitted a sworn declaration by uPI president YP Huang declaring that all of the products identified in Richtek's initial infringement contentions have been "made or manufactured by foundries other than Powerchip." *Id.* at 9. Also, it produced tapeout documents showing that a foundry other than Powerchip manufactured each of the accused products. *Id.* at 11. uPI also produced Mr. Huang at a deposition in Richtek's counsel's office in Silicon Valley on March 31, 2011, thereby sparing the burden and expense of a trip to Taiwan. *Id.* at 11. Richtek also conducted a Rule 30(b)(6) deposition of Powerchip on March 22, 2011 in Taiwan and of uPI on March 31, 2011 in California. *Id*.

Thus, uPI asserts, it demonstrated that Powerchip did not manufacture the accused products. uPI itself does not contest personal jurisdiction. *Id.* at 13.

uPI rejects Richtek's additional grounds of entitlement to the documents as follows.

First, uPI argues that it is not required to produce the requested documents because they are "well beyond the issue of the 'make' or 'manufacture' of the accused products." *Id.* at 11. For instance, uPI contends that Richtek's request includes documents not related to the accused products (such as documents regarding products not accused in the litigation), and documents that do not make any reference to Powerchip or its personnel. *Id*. at 10, 12. As proof of its compliance with Judge Alsup's order, uPI points out that it did produce two documents because those documents contained foundry information showing that a different foundry (not Powerchip) manufactured the accused products. *Id*. at 13. Thus, uPI is doing what it should: produce documents showing who manufactured the accused goods.

Second, uPI contends that Richtek really seeks the documents for an improper purpose. *Id.* at 15. Richtek has initiated several cases against the same defendants, over the same accused activities, in various forums (including Taiwan, the ITC, California Superior Court, and this court), and its efforts to obtain the present discovery are aimed at accessing information relevant to the other cases. *Id.* at 15-16. The stipulated protective order in this case is inadequate because Richtek has repeatedly violated the stipulated protective order from the ITC proceeding when it used documents from that case in the present action. *Id.* at 16 n.17.

Third, uPI does not dispute that four current uPI employees were employed by Powerchip (a uPI investor) in 2006 and 2007. *Id.* at 14. They were assigned to work for uPI, and all work for uPI was done at uPI's direction, not Powerchip's. *Id.* uPI argues that their work for uPI is not imputed to Powerchip, but in any event, Richtek has all it needs to argue that Powerchip employees assigned to work for uPI were involved in the design and development of accused products on behalf of uPI for manufacture by foundries other than Powerchip. *Id.*[6]

Finally, uPI contends that Richtek's request is untimely because it waited more than a month to ask the court to compel production of these documents and filed its request to compel production less than a week before Richtek had to submit its supplemental briefing on Powerchip's motion to dismiss. *Id*. at 17. If Richtek wanted these documents, uPI argues, it should have requested them over a month ago, particularly because Richtek claims that it needed these documents to depose Powerchip's and uPI's Rule 30(b)(6) witnesses. *Id.* at 16.

## C. Ruling

The bottom line here is that uPI produced not only information that Powerchip did not manufacture the accused products, but also the documents showing the foundries that did. Richtek has not specified how the requested documents could show more on the sole issue in dispute: "the *full* extent to which Powerchip has made or manufactured the accused products or components thereof, including without limitation all contracts, design specifications, delivery schedules, emails,

---

[6] uPI notes that Richtek has failed to show why it cannot obtain the requested information through other means such as depositions of Powerchip and uPI witnesses. *Id*. at 12.

1  letters, notes, and other materials bearing on the subject." *See* 1/14/11 Order, ECF No. 235 at 2.
2  Richtek does not specify why the documents – which it already has from the ITC proceeding – are
3  responsive, particularly given that according to uPI's proffer, the documents are about other
4  products not even part of this litigation or are otherwise irrelevant.  As uPI also points out, it is
5  unclear why Richtek – which was permitted to go beyond jurisdictional issues to the merits – could
6  not obtain documents through other means such as the depositions.  Also, again as uPI points out,
7  Richtek waited until after the depositions (and until a few days before its April 14 filings) to ask to
8  compel production.

9  Based on this record, the court thus **DENIES** Richtek's request for the documents.  It also
10 **DENIES** Richtek's request for sanctions.

11 This disposes of ECF No. 290.

12 **IT IS SO ORDERED.**

13 Dated: April 28, 2011

14 _____
   LAUREL BEELER
   United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 09-05659 WHA (LB)
ORDER RE 4/8/11 JOINT DISCOVERY LETTER
6