**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UPI SEMICONDUCTOR CORPORATION, POWERCHIP TECHNOLOGY CORPORATION, *et al.*,<br><br>Defendant. | No. C 09-05659 WHA<br><br>**ORDER DENYING MOTION TO DISMISS OF POWERCHIP TECHNOLOGY CORPORATION** |

**INTRODUCTION**

In this patent and copyright infringement action, defendant Powerchip Technology Corporation moves to dismiss all remaining claims against it for lack of personal jurisdiction. Following jurisdictional discovery and supplemental briefing, this order denies the motion.

**STATEMENT**

In November 2010, Powerchip Technology Corporation moved to dismiss all claims against it for lack of personal jurisdiction (Dkt. No. 135). After full briefing and a hearing on the motion, jurisdictional discovery was allowed, and the parties were permitted to supplement their briefing (Dkt. No. 235). They have now done so (Dkt. Nos. 298, 317). Except for this

jurisdictional issue, the action has been and will continue to be stayed, pending re-examination of the asserted patents (Dkt. No. 267).[1]

The third amended complaint, filed in September 2010, is currently operative. The complaint was filed by the Taiwanese company Richtek Technology Corporation and its wholly-owned United States subsidiary, Richtek USA, Inc. It named seventeen individuals and five companies as defendants and alleged seven claims for relief (Dkt. No. 79). After the first round of motions to dismiss, all claims against fourteen Taiwanese individuals were dismissed for lack of personal jurisdiction, and all claims for breach of contract and trade-secret misappropriation were dismissed for lack of subject-matter jurisdiction (Dkt. No. 212). After the second round of motions to dismiss, the copyright claim against Maxchip Electronics Corporation was dismissed for inadequate pleading pursuant to FRCP 12(b)(6), and discovery was allowed regarding personal jurisdiction over defendant Powerchip (Dkt. Nos. 235, 236). After a third round of motions to dismiss, all claims against Canadian individual Ming Chen were dismissed for inadequate pleading pursuant to FRCP 12(b)(6) (Dkt. No. 241). Since Richtek USA was a complaining plaintiff only for the trade-secret-misappropriation claim, which was dismissed, Richtek USA has also been dismissed from this action (Dkt. Nos. 165, 212).

Only four claims for relief against Powerchip remain in the action: three patent-infringement claims, and one copyright-infringement claim. The parties addressed the copyright-infringement claim against Powerchip in their original briefs but not in their supplemental briefs. This claim, however, remains in the action.[2]

The factual theory of Richtek's complaint is that former employees of Richtek, along with Powerchip and uPI Semiconductor Corporation, both Taiwanese companies, "devised a complex and elaborate scheme to steal, plunder, and cart-away Richtek's invaluable trade secret and

---

[1] During discovery, Richtek moved to compel Powerchip to produce "contracts, design specification, delivery schedules, emails, letters, notes, and other materials bearing on the subject" (Richtek Supp. Br. 1). This discovery dispute was unresolved at the time the supplemental briefs were filed, but Richtek's motion and requests subsequently were denied and quashed (Dkt. No. 274). To the extent that Richtek's jurisdictional arguments are based on unproduced documents, they likewise fail.

[2] The only claims for relief that now remain in the action are the patent-infringement claims against defendant Maxchip, and the patent- and copyright-infringement claims against the other four corporate defendants and two remaining individual defendants.

1 confidential information" (Third Amd. Comp. ¶ 62).  Using proprietary documents and
2 information stolen from their former employer, the individual defendants allegedly designed
3 competing power-management chips that infringed Richtek's intellectual property rights.
4 Defendant uPI allegedly sold these chips in conjunction with other defendants.  Richtek claims
5 that it has been injured by such sales made in California and the United States.  Richtek accuses
6 Powerchip of infringing its patents directly by making these chips and indirectly by inducing
7 defendant uPI to sell them in the United States (*id.* at ¶¶ 82, 90, 98).

8 The manufacturing process for integrated circuit chips starts with the creation of generic
9 wafers, which are thin slices of semiconductor material, usually silicon, that are used as substrates
10 for the chips.  In a separate manufacturing step, the circuit design is imprinted onto these wafers
11 to create integrated circuit chips.  The circuit design is provided to the manufacturer by a design
12 house.  Design houses work with consumer electronics companies to design IC chips specifically
13 for use in particular consumer electronics products.  Design houses ultimately sell IC chips to the
14 electronics companies.

15 Discovery revealed that Powerchip was a foundry, also known as a "fab," that provided
16 manufacturing services to design houses such as uPI.  The record, however, contains factual
17 issues regarding which steps of the IC chip manufacturing process Powerchip performed and
18 whether Powerchip manufactured any of the accused uPI chips.  In particular, discovery is
19 ambiguous as to whether Powerchip produced only generic wafers or fully imprinted IC chips.
20 Discovery also is ambiguous as to whether uPI used the manufacturing services of Powerchip or
21 Maxchip for certain accused products.

**ANALYSIS**

23 Powerchip moves to dismiss for lack of personal jurisdiction.  As plaintiff, Richtek has the
24 burden to establish that jurisdiction exists.  *Alexander v. Circus Circus Enterprises, Inc.*,
25 939 F.2d 847, 849 (9th Cir. 1991).  Richtek must "make only a prima facie showing of
26 jurisdictional facts" to survive the motion.  *See Doe v. Unocal*, 248 F. 3d 915, 922 (9th Cir.
27 2001).  When deciding a motion to dismiss for lack of personal jurisdiction, "the court resolves all
28 disputed facts in favor of the plaintiff."  *Pebble Beach Co. v. Caddy*, 453 F. 3d 1151, 1154

3

(9th Cir. 2006). Here, Richtek has carried its burden to establish at least a prima facie case of specific jurisdiction.

District courts may exercise specific jurisdiction over a defendant in a patent-infringement action if "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009). Purposeful direction may be established under a "stream of commerce" theory if a defendant introduced its products into an "established distribution channel" through which the products could be expected to flow to the forum state. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994).

Richtek asserts that Powerchip made some of the accused uPI chips and sold them to uPI with the knowledge that they "were being sold all over the U.S. and in California" (Richteck Supp. Br. 22). During discovery, uPI produced "tape-out" forms that listed Powerchip as the manufacturer for accused uPI chips (Kim Exh. 9). The record also contains deposition testimony confirming that uPI used Powerchip to "make its chips," although other testimony claims that Powerchip only "wafered" the products (Kim Exh. 7 at 106:18–107:23). The tape-out forms and the testimony that Powerchip manufactured "chips" for uPI are sufficient evidence to carry Richtek's minimal burden at this stage. Richtek has established a prima facie case for jurisdiction by producing evidence that Powerchip made accused chips and placed them into a stream of commerce directed at this forum. This will have to be proven up at trial.

Powerchip disputes the reliability of the tape-out forms. During deposition, Y.P. Huang of Powerchip testified that the forms incorrectly listed Powerchip as the manufacturer and that Maxchip was the true manufacturer. He further explained that Powerchip did not have the requisite high-voltage capability to make the accused chips (Sano Exh. C at 20:1–9, 60:4–8). The doubt Powerchip casts on the reliability of the tape-out forms is not enough to overcome Richtek's prima facie showing. This dispute creates a *factual question* regarding Powerchip's involvement, and all factual disputes are resolved in plaintiff's favor for purposes of the instant motion. *Pebble Beach Co.*, 453 F. 3d at 1154. Accordingly, for the limited purpose of this

4

motion, the tape-out forms are assumed to be accurate, and Powerchip is assumed to have made chips rather than mere wafers for uPI. Richtek therefore survives the motion. Arguments concerning general jurisdiction and the federal long-arm statute need not be discussed.

To be clear, this order does *not* make a finding as to whether personal jurisdiction over Powerchip exists. It only finds that Richtek has carried its burden of producing enough evidence to survive the motion. The ultimate issue of personal jurisdiction over Powerchip depends on disputed facts that are tied to the merits of the case and that must be decided by a jury, if not on summary judgment.

## CONCLUSION

For the above reasons, Powerchip's motion to dismiss all claims against it for lack of personal jurisdiction is **DENIED**. Powerchip's request for judicial notice (Dkt. No. 207) is **DENIED AS MOOT** because it is not relevant to the arguments considered herein.

Because of the Court's concern that the tape-out forms indeed were merely erroneous and that Powerchip has done nothing more than supply generic wafers to other defendants more guilty of the alleged wrongs, the Court invites counsel to submit a joint statement as to whether a separate and short trial should be held soon on this one issue. Please address whether the trial can be done in one or two days, the need for interpreters, and whether it can be tried to the bench. Please submit this statement by **JULY 1, 2011**.

**IT IS SO ORDERED.**

Dated: June 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5