IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION., <br><br> Plaintiff, <br><br> v. <br><br> UPI SEMICONDUCTOR CORPORATION, *et al.*, <br><br> Defendants. | No. C 09-05659 WHA <br><br> **ORDER DENYING MOTION FOR STAY WITHOUT PREJUDICE** |

In February 2011, with the exception of limited jurisdictional discovery that has since been completed, this entire action was stayed pending conclusion of the reexaminations of the asserted patents by the United States Patent and Trademark Office (Dkt. No. 267 at 10). That stay remains in place.

In September 2011, notwithstanding the present stay, plaintiff filed a motion to stay this action pending resolution of a new proceeding before the United States International Trade Commission. The new ITC action is an enforcement proceeding based on the consent order entered in a previous ITC action involving the same patents that are asserted here and some of the same parties (Dkt. No. 327). Defendant UPI Semiconductor Corporation opposes plaintiff's motion (Dkt. No. 329). The motion has been fully briefed, but no hearing was requested.

Having considered all submissions from both sides, this order finds that due to the present stay the motion is not ripe for decision. Plaintiff explains that it filed the instant motion despite

the present stay so as to avoid waiving its right to a stay pending resolution of the new ITC action. Yet plaintiff admits that its request may prove to be moot because "it is presently unknown whether the reexaminations of the Patents-in-Suit will terminate before or after the Enforcement Proceeding" (Br. 1).

This order acknowledges that plaintiff has reserved its right to request a stay of this action pending resolution of the new ITC action, but finds that the issue need not be decided at this time due to the present stay. Assuming a stay pending resolution of the new ITC action is merited, a new stay entered upon expiration of the present stay would satisfy the statutory requirement that a district court "shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." *See* 28 U.S.C. 1659(a).

Plaintiff's motion to stay this action pending resolution of the new ITC action is **DENIED WITHOUT PREJUDICE** to renewing the request within thirty days after the present stay is lifted. This order need not reach the parties' arguments concerning whether the new ITC action involves the same issues as this action.

**IT IS SO ORDERED.**

Dated: October 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE