IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>uPI SEMICONDUCTOR CORPORATION, POWERCHIP TECHNOLOGY CORP., MAXCHIP ELECTRONICS CORP., SILICON XTAL CORPORATION, AMANDA DAI, and JACKY LEE,<br><br>　　　　Defendants.<br>　/ | No. C 09-05659 WHA<br><br>**ORDER MAINTAINING STAY** |

For the reasons stated herein, this order **MAINTAINS THE CURRENT STAY**.

\*　　　　\*　　　　\*

This action was commenced in December 2009. Shortly thereafter, it was reassigned to the undersigned judge and the parties stipulated to stay the action until the ITC's determination in *Certain DC-DC Controllers and Products Containing the Same*, Inv. No. 337-TA-698, became final (Dkt. No. 22). The ITC's investigation concerned the same three patents, same category of accused products, and some of the same defendants. Stipulated consent orders were entered and the investigation was terminated in September 2010. An unopposed motion to lift the stay was granted (Dkt. No. 89). A schedule was set, several voluminous motions to dismiss were ruled on, and some jurisdictional discovery was taken (Dkt. Nos. 109, 212, 235, 236, 241). The action was eventually reduced to claims of patent and copyright infringement against four corporate defendants and two individuals.

In February 2011, this action was stayed pending reexaminations of the asserted patents before the PTO, save and except for a limited jurisdictional issue which was then resolved (Dkt. Nos. 267, 320, 334).

While the stay was in effect, in August 2011, the ITC instituted an enforcement proceeding regarding the consent orders previously entered. In essence, defendant uPI Semiconductor Corporation allegedly violated the consent order. The relevant accused products fell into two categories: (1) "formerly accused products" from the prior ITC investigation and (2) "post-consent order products" allegedly developed and produced after entry of the consent order. By January 2013, the reexaminations had concluded. Plaintiff Richtek Semiconductor Corporation represented that the third asserted patent herein would be withdrawn from this action (Dkt. No. 338).

The stay, however, was maintained "until the determination of the Commission in ITC Investigation No. 337-TA-698 becomes final" (Dkt. No. 373).

In September 2014, the Federal Circuit affirmed-in-part, reversed-in-part, and remanded the ITC's decision. *UPI Semiconductor Corp. v. International Trade Commission*, No. 2013-1157, 2014 WL 4746408, at *10 (Fed. Cir. Sept. 25, 2014). In pertinent part, they stated:

> On the record provided, substantial evidence does not support the Commission's conclusion that uPI's post-Consent Order products were independently developed. The determination that uPI did not violate the Consent Order with respect to post-Consent Order products is reversed. We remand for further proceedings with respect to violation of the Consent Order.

The parties then filed a status report. Plaintiff argued that the "stay should be lifted as soon as the Federal Circuit issues its mandate" because all that remains in the ITC investigation is "the remedy for sales of Post-Consent Order products." Defendants argued that the current stay should remain in place until the ITC's rulings are no longer subject to appellate review and during the pendency of the remand to the ITC.

Section 1659 of Title 28 of the United States Code states in pertinent part that "the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission," if the request is timely made. Section 1659 "requires that

2

the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

At this point, the Federal Circuit has not issued a mandate and the ITC's rulings remain subject to judicial review via a petition for rehearing or a writ of certiorari. Accordingly, this order **MAINTAINS THE STAY**. The parties shall file a joint status report by the earlier of: (1) **FIVE CALENDAR DAYS** after the Commission proceedings are no longer subject to judicial review; or (2) **FEBRUARY 3, 2015 AT NOON**.

**IT IS SO ORDERED.**

Dated: October 9, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE