IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>uPI SEMICONDUCTOR CORPORATION, POWERCHIP TECHNOLOGY CORP., MAXCHIP ELECTRONICS CORP., SILICON XTAL CORPORATION, AMANDA DAI, and JACKY LEE,<br><br>    Defendants.<br>_____/ | No. C 09-05659 WHA<br><br>**REQUEST FOR RESPONSE** |

      The Federal Circuit has issued a mandate in the ITC proceeding and no petition for writ of certiorari has been filed. Nevertheless, uPI Semiconductor Corporation (and defendants) contend that the stay should continue during the entire remand proceeding before the ITC and any subsequent appeals. To tee this up, both sides are hereby given the opportunity to fully brief this issue with all relevant facts and authorities. It would be helpful if the parties could please explain, among other things: (1) the schedule and timeline for the ITC proceeding post-remand; (2) the parties' best estimate of when the ITC proceeding and any subsequent appeals would be completely concluded; (3) how the phrase "until the determination of the Commission becomes final," 28 U.S.C. 1659, has been interpreted in actions where all that remains for remand before the ITC is review of post-consent order products in an ITC enforcement proceeding; (4) a complete list of claims, defendants, and accused products that remain in this action; (5) the differences (and overlap), if any, between the issues in the ITC proceeding and this action; and

(6) the differences (and overlap), if any, between the accused products in the ITC proceeding and this action. To be clear, it is not helpful for uPI to baldly state that there is a "potential overlap" between "issues in the ITC proceeding" and this action because the scope of the ITC remand proceeding has "not yet been decided." Both sides shall please back up pertinent facts with adequate supporting documents (with highlights and exhibit tabs) on a sworn record. Each side's brief is limited to fifteen pages. This submission is due by **MARCH 18 AT NOON**.

Defendant Powerchip Technology Corporation states that it continues to "refrain from participating" in this action to preserve its "lack of personal-jurisdiction defense." After jurisdictional discovery and supplemental briefing, a June 2011 order denied Powerchip's motion to dismiss (Dkt. No. 320). Powerchip has until **MARCH 18 AT NOON**, to file a statement (not to exceed three pages) explaining why it believes it still has a "lack of personal-jurisdiction defense" and showing cause why the stay should not be lifted for the claims against it. Is Powerchip a party to the post-remand ITC proceeding? To be clear, this is not an opportunity to seek reconsideration of the prior order.

Dated: March 5, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE