IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHTEK TECHNOLOGY CORPORATION,

    Plaintiff,

  v.

uPI SEMICONDUCTOR CORPORATION, MAXCHIP ELECTRONICS CORPORATION, POWERCHIP TECHNOLOGY CORPORATION, SILICON XTAL, AMANDA DAI, and JACKY LEE,

    Defendants.

No. C 09-05659 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND INFRINGEMENT CONTENTIONS**

## INTRODUCTION

In this patent infringement action, after a series of mandatory stays lasting seven years was finally lifted, plaintiff seeks leave to amend its infringement contentions. For the reasons stated below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Richtek Technology Corporation owns U.S. Patent Nos. 7,315,190 ("the '190 patent"), 6,414,470 ("the '470 patent"), and 7,132,717 ("the '717 patent"), which cover technologies used in direct-current-to-direct-current (DC-DC) power controllers. It alleges that defendant uPI Semiconductor Corporation sells power management products that incorporate Richtek's proprietary and patented technologies, and that the remaining defendants also infringe

Richtek's patents by manufacturing, importing, selling, and marketing uPI's infringing products.

Richtek commenced this action in December 2009. In January 2010, an order stayed the case pending final determination in an investigation by the International Trade Commission (Dkt. No. 26). The ITC terminated its investigation after uPI entered a consent order and an order lifted the stay in October 2010 (Dkt. No. 89). Richtek served its initial infringement contentions pursuant to Patent Local Rule 3-1 in November 2010. In January 2011, an order suspended all motion practice and allowed discovery regarding whether the Court could exercise personal jurisdiction over defendant Powerchip Technology Corporation.

Because the allegations in Richtek's complaint broadly referred to the accused products as "power-management products," Richtek was ordered in January 2011 to "file papers identifying the specific chips or devices it contend[ed] infringe[d] the patents in suit. If Richtek already has specifically identified the accused products via infringement contentions, then Richtek may file and rest on its contentions" (Dkt. No. 235). Richtek filed and served *amended* infringement contentions (its first such amendment), accusing twenty-nine products that had not been identified in its initial infringement contentions. Richtek did not specifically seek leave to amend its intial infringement contentions.

In February 2011, Richtek filed a discovery letter because defendants refused to produce documents concerning the twenty-nine new products identified in its first amended infringement contentions (Dkt. No. 266). That letter indicated that defendants refused such production because Richtek had not sought leave to file its first amended infringement contentions. That discovery dispute was never resolved because the case was stayed the next day due to Richtek's commencement of an action before the ITC alleging that uPI had violated its consent order. An order stayed this action pending the resolution of the ITC proceedings. An order lifted the stay in January 2016 (Dkt. No. 443).

The parties appeared for a case management conference in February. The parties' joint case management statement omitted any reference to the February 2011 letter concerning

Richtek's first amended infringement contentions, although it detailed the history of motion practice in the case.

Richtek now seeks leave to file its second amended infringement contentions to drop all claims for infringement against defendants that have been dismissed and to add three uPI products that Richtek did not learn about until after it served its first amended infringement contentions in January 2011 (and while the merits of the case were stayed). The new accused products were not developed or released until after the complaint was filed herein. uPI opposed Richtek's motion and the other defendants filed a separate notice joining in the opposition. This order follows full briefing and oral argument.[*]

**ANALYSIS**

Rule 15(d) of the Federal Rules of Civil Procedure provides that a supplemental pleading, not merely an amended pleading, is necessary to set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Thus, the filing of a complaint sets the cut-off date for the scope of a case, subject to the possibility of supplementation. Nevertheless, for some time, patent owners have made open-ended allegations in their complaint that do not specifically identify the accused products and used amendments to their infringement contentions to expand the scope of the case to encompass products developed or released after the date of the complaint without the need to file a supplemental complaint — essentially sneaking new products into the case through the back door of infringement contentions. The result of this development is that patent infringement actions often expand to the point of unmanageability.

On December 1, 2015, the amended Federal Rules of Civil Procedure took effect. The amended Rules apply to pending cases "insofar as just and practicable." H.R. Doc. No. 114-33, at 2 (2015). The changes included the deletion of Rule 84, which provided, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." The Appendix referenced in Rule 84 included Form 18, an example complaint

---

[*] After this motion was fully briefed, defendants moved to amend their invalidity contentions to include newly-discovered prior art references.

3

for patent infringement. Form 18 merely included an allegation that the defendant infringed the asserted patent by making, using, or selling "electric motors" without specifying the model of the accused motors. The Federal Circuit held that, pursuant to Rule 84, the pleading standard set forth in Form 18, not the pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), controls. *In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Rule 84 has been abrogated, so *In re Bill of Lading* no longer applies.

Patent Local Rule 3-1(b) requires patent owners to identify each accused product of which the patent owner is aware by serving infringement contentions on the accused infringer "not later than 14 days after the Initial Case Management Conference." Patent Local Rule 3-6 provides that a party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Richtek contends that it should be granted leave to file its second amended infringement contentions to include new products released since it served its first amended infringement contentions in 2011 because it acted diligently and because defendants would suffer no undue prejudice. For their part, defendants respond that Richtek should have brought this motion 14 days after the case management conference in January (after the stay was lifted). Richtek's request to add new products, however, does not merely seek an amendment. Rather, it seeks to supplement the operative pleadings. Richtek has failed to request to *supplement* its first amended infringement contentions or its complaint.

In the only decision to address the propriety of the addition of new products to a case through amendments to infringement contentions following the abrogation of Rule 84, the undersigned judge held that "[t]here must be some reasonable cut-off date after which [the patent owner] cannot further expand the case simply because [the accused infringer's] product cycle has outpaced the resolution of this case," and denied the patent owner's motion seeking leave to amend its infringement contentions to add new products seven months before trial. *Rembrandt Patent Innovations LLC v. Apple Inc.*, No. 14-5094, 2015 WL 8607390, at *3 (N.D. Cal. Dec. 13, 2015). There, as here, the patent owner failed to recognize that the addition of new products required a supplemental pleading, not merely an amendment.

4

Here, our problem is not the rapid pace of the accused infringer's product development (as it was in *Rembrandt*), but rather the sluggish pace of this litigation due to a series of mandatory stays pending the resolution of proceedings at the ITC. Now that the case here is back on track and with trial scheduled in December, it is time for the case to narrow, not expand. Accordingly, Richtek may not add new products to this case, although it remains free to pursue claims based on those products (and any others it uncovers in discovery) in a subsequent proceeding.

Defendants also contend that Richtek's failure to seek leave to file its first amended infringement contentions way back in 2011, also precludes it from asserting claims based on the twenty-nine products it added to the case with that amendment. Richtek should have sought leave to add new products to the case (indeed, such a request may have been denied at the time); and its February 2011 letter seeking discovery relief regarding those products demonstrates that there was at least some disagreement among the parties as to which were the operative infringement contentions. Nevertheless, defendants failed to raise this issue in the joint case management statement or at the case management conference after the stay was lifted in January 2016, and they declined to move to strike Richtek's first amended infringement contentions, waiting instead to raise the issue in their opposition to this motion more than two months after the stay was lifted. Defendants do not offer any indication that they will be unfairly prejudiced by the inclusion of the twenty-nine products in Richtek's first amended infringement contentions. Rather, it appears that defendants are simply latching on to an opportunity to obstruct the progress of this case. Although, as stated, Richtek's motion is denied to the extent it seeks to add three new products, this order holds that the case will include all products identified in Richtek's first amended infringement contentions (including the twenty-nine additional products accused therein).

Finally, Richtek has plainly showed good cause to remove contentions relating to parties that have been dismissed from the action (a motion that would not require supplementation). To that extent only, Richtek's motion to file its second amended infringement contentions is **GRANTED**.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for leave to file its second amended infringement contentions **GRANTED IN PART AND DENIED IN PART**. Plaintiff may remove claims against parties that have been dismissed. All products identified in the first amended infringement contentions remain in the case, but the new products identified in the proposed second amended infringement contentions may not be included.

**IT IS SO ORDERED.**

Dated: April 29, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE