IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>uPI SEMICONDUCTOR CORPORATION, AMANDA DAI, and JACKY LEE,<br><br>　　　　　Defendants. | No. C 09-05659 WHA<br><br>**ORDER GRANTING LEAVE TO AMEND INVALIDITY CONTENTIONS** |

**INTRODUCTION**

In this patent infringement action, one defendant seeks leave to amend their infringement contentions to include prior art that it discovered soon after the stay was lifted. For the reasons stated below, defendants' motion is **GRANTED**.

**STATEMENT**

Plaintiff Richtek Technology Corporation commenced this action contemporaneously with an action before the International Trade Commission. The case was quickly stayed pending the ITC investigation (Dkt. No. 22). The ITC investigation concluded with the entry of several consent orders in September 2010, and the stay was lifted accordingly (Dkt. No. 89).

Defendant uPI Semiconductor Corporation moved to substitute counsel quickly after the stay was lifted, which motion was granted (Dkt. No. 97). Plaintiff served infringement contentions in November 2010, and defendants served their invalidity contentions in December

2010. Less than two month later, the case was stayed again pending reexamination of the patents-in-suit, and then pending a second ITC investigation (Dkt. No. 267). The stay was lifted in January 2016 (Dkt. No. 443).

uPI now moves to amend its invalidity contentions. Specifically, uPI seeks to add two references that address the '190 patent and to clarify (but not change) its contentions regarding that patent. uPI also seeks to add four references each supporting four new grounds of invalidity of the '470 patent.

**ANALYSIS**

Patent Local Rule 3-6 provides:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Good cause generally exists when the party seeking leave has been diligent and the opposing party would not suffer undue prejudice if leave is granted. *Acer, Inc. v. Tech. Props. Ltd.*, No. 08–00877, 2011 WL 1838768, at *2 (N.D. Cal. May 13, 2011) (Judge Jeremy Fogel).

**1.  DILIGENCE.**

The second amended case management order in this action, which issued after the stay was lifted, provided, "Plaintiff must timely refile its infringement contentions to conform to our Local Rule 3-1, which filing shall trigger the due date for the invalidity contentions" (Dkt. No. 448 at 6). uPI understood that language to imply that its invalidity contentions, including any updates following the stay, were due 45 days after Richtek's infringement contentions came due, resulting in a deadline for the invalidity contentions of April 25 (Dkt. No. 448 at 6). uPI filed the instant motion on April 25.

Richtek contends that uPI should have discovered the references and sought leave to amend during the limited periods in 2011 or 2013 while the case was not stayed. Indeed, uPI was aware of two of the references in 2010. uPI, however, could not have appreciated the importance of these new references (or the search terms that uncovered the further new references), until Richtek disclosed its interpretations of various claim limitations during the reexamination proceedings while this case was stayed. Patent Local Rule 3-6 expressly acknowledges that an unexpected claim construction ruling may, absent undue prejudice, support a finding of good cause. Here, uPI seeks to amend their invalidity contentions in *advance* of an unexpected claim construction ruling, in light of unexpected claim constructed *arguments*. (The undersigned does claim construction at the summary judgment phase.)

Richtek also argues that nothing prevented uPI from conducting prior art searches while the case was stayed, so this motion could have been brought immediately once the stay was lifted. True, but Richtek ignores the fact that the stays were in place specifically to avoid expenses that might ultimately prove moot. This order will not hold uPI's decision not to undertake such wasteful endeavors against them. True, uPI could possibly have sought leave much sooner after the stay was lifted, but it reasonably relied on the deadline to refile invalidity contentions set forth in the scheduling order as the deadline to pursue these amendments.

Thus, this order holds uPI has acted diligently enough in seeking this amendment.

**2.   PREJUDICE.**

uPI argues that Richtek will not be prejudiced because the parties have not yet taken claim construction positions, so Richtek will have ample time to address the new prior art references. Richtek responds that it will be prejudiced because the undersigned does not hold a separate *Markman* hearing, but instead construes claims in the context of summary judgment. Richtek's argument is unclear. The later claim construction procedure gives it *more* time to address the new prior art references.

\*            \*            \*

uPI's motion is distinct from Richtek's recent motion to amend its infringement contentions to include new products. Here, uPI seeks to shore up its defense to meet new

3

arguments that arose during reexamination proceedings, albeit based on prior art that occurred prior to the pleading sought to be amend.  By contrast, Richtek sought to expand the scope of the case to include new products released after the complaint was filed, yet Richtek failed to recognize that such expansion would require a supplemental pleading.  Moreover, denial of Richtek's motion to amend its infringement contentions had minimal effect on Richtek, which remains free to pursue claims regarding those products in a subsequent suit.  uPI, however, has only one opportunity to raise their strongest invalidity defense, so it is appropriate, in light of uPI's diligence and the lack of prejudice to Richtek, to permit these proposed amendments.

## CONCLUSION

For the reasons stated above, uPI's motion for leave to amend their invalidity contentions is **GRANTED**.

**IT IS SO ORDERED.**

Dated:   June 6, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4