IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>           Plaintiff,<br><br>  v.<br><br>uPI SEMICONDUCTOR CORPORATION, AMANDA DAI, and JACKY LEE,<br><br>           Defendants. | No. C 09-05659 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND VACATING HEARING** |

## INTRODUCTION

In this patent infringement action, plaintiff seeks to amend its infringement contentions to assert an earlier priority date, to supplement its disclosure of its own products that purportedly practice the asserted claims, and to delete contentions about dismissed defendants. For the reasons stated below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Richtek Technology Corporation owns U.S. Patent No. 7,315,190, which covers technology used in direct-current-to-direct-current (DC-DC) power controllers. Richtek accuses defendant uPI Semiconductor Corporation of developing, marketing, and selling products that practice the '190 patent. The application for the '190 patent was filed in June 2006, and identified Isaac Chen as the inventor.

1    Richtek commenced this action in December 2009 and filed a complaint before the
2 International Trade Commission, also asserting infringement of the '190 patent, the same day.
3 This action languished pending conclusion of the ITC investigation. At his deposition in
4 connection with the ITC investigation, Chen testified that he conceived of the invention in April
5 2006.

6    In November 2010, Richtek served its initial disclosure of asserted claims and
7 infringement contentions in this action pursuant to the Patent Local Rules. In that disclosure,
8 Richtek identified June 16, 2006 — the date of the filing of the application of the '190 patent —
9 as the priority date.

10   Our case further languished pending reexamination of the '190 patent before the United
11 States Patent and Trademark Office. There, Richtek disclosed interpretations of various claim
12 limitations, which led uPI to identify several new prior art references. In June 2016 (after the
13 stay in this action had been lifted), an order granted uPI's request for leave to amend its
14 invalidity contentions to address the new references. The parties have deemed all discovery
15 from the ITC investigation produced in this action (Dkt. No. 473).

16   Fact discovery closes in this action on August 31. On July 14, Richtek sought leave to
17 amend its infringement contentions in three ways: (i) to delete contentions about dismissed
18 defendants, (ii) to assert an earlier priority date for the '190 patent, and (iii) to supplement it
19 disclosure of its own products that practice the asserted claims. uPI opposes this motion as to
20 the first two proposed amendments. This order follows full briefing.

**ANALYSIS**

22   Patent Local Rule 3-6 provides that a party may amend its infringement contentions
23 "upon a timely showing of good cause." Our patent local rules were adopted "in order to give
24 claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of
25 the case early in the litigation and to adhere to those theories once they have been disclosed."
26 *Atmel Corp. v. Info. Storage Devices, Inc.*, No. 95-1987, 1998 WL 775115, at *2 (N.D. Cal.
27 Nov. 5, 1998) (Judge Fern M. Smith). The increased scrutiny applied to requests to amend
28 infringement contentions as compared to requests to amend other pleadings is to prevent a

2

"shifting sands" approach to patent litigation. *Ibid.* Nevertheless, the rules are not a "straitjacket into which litigants are locked from the moment their contentions are served." *Comcast Cable Communications Corp., LLC v. Finisar Corp.*, No. 06-04206, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). Rather there must be some "balance between the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The parties herein agree that good cause under the patent local rules is subject to a two-part inquiry, which considers whether: (i) the moving party has shown diligence in amending its contentions, and (ii) the non-moving party will not suffer undue prejudice. *Acer, Inc. v. Tech. Props. Ltd.*, No. 08-877, 2010 WL 36118687, at *4 (N.D. Cal. Sept. 10, 2010) (Judge Jeremy Fogel).

This order addresses each of Richtek's proposed amendments in turn.

### 1.   ASSERTING EARLIER PRIORITY DATE.

Richtek seeks to amend its disclosure of the priority date of the '190 patent to claim a priority date of April 2006 (without specifying which date in April). It contends this priority date only became relevant after uPI successfully moved to amend its invalidity contentions to address prior art from June 2006, but it offers no explanation of why it failed to assert this earlier date at the outset of this action. Richtek simply argues that uPI cannot be prejudiced by this belated disclosure because it knew that Chen testified to a conception date of April 2006 based on his deposition testimony in the ITC investigation.

Although this order does not accept Richtek's assertion that defendants would not be prejudiced by this belated shift in the sands of the litigation, Richtek's attempt to show the absence of such prejudice only highlights its lack of diligence. If uPI can be charged with knowledge that Richtek would claim an April 2006 priority date in this action based on Chen's testimony in the ITC investigation, *a fortiori*, Richtek could have formalized that assertion in its very first infringement contentions.

Richtek's argument that the earlier conception date only became relevant when uPI was given leave to amend its invalidity contentions to assert prior art from June 2006 is unavailing.

The patent local rules contemplate a specific sequence of disclosures — the patent owner must produce or make available all documents evidencing a conception date prior to the date of the application for the patent, and the accused infringer *then* discloses its invalidity theories. *Compare* Patent L.R. 3-2(b) *with* Patent L.R. 3-3. Of course, some flexibility is necessary when supported by good cause, but Richtek's failure to disclose its April 2006 priority date at the outset is simply the result of a complete dearth of diligence, not good cause. Thus, Richtek's motion is **DENIED** as to the priority date.

### 2. IDENTIFYING ADDITIONAL RICHTEK PRODUCTS.

Patent Local Rule 3-1(g) requires a party asserting patent infringement to disclose its own products that it contends practice the products at issue as follows:

> If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

Richtek seeks to amend its infringement contentions to identify five additional products that Richtek itself manufactured and sold and that it contends practiced the asserted patents. Richtek's motion offers no description of the products, fails to identify their release date, and does not even pay lip service to the requirement to seek this amendment diligently. Richtek merely asserts that it is "obliged to supplement its disclosures," although the Patent Local Rule 3-1(g) does not require identification of *all* products that practice the patent. Rather, it requires disclosure only if the patent owner "wishes to preserve the right to rely" on the assertion that the product practices the patent.

Richtek also offers no explanation of what purpose this additional disclosure would serve or how it intends to rely on these products in this case. Instead, Richtek merely asserts that the patent local rules do not require it to identify the purpose of the disclosure. Richtek's argument ignores, however, the fact that it *must* show good cause to support its request for leave to amend its disclosure. This is especially so in light of its utter lack of diligence in seeking this amendment just more than a month before the close of discovery. Thus, Richtek's motion to

4

belatedly amend its infringement contentions to identify more of its own products that purportedly practice the patent is **DENIED**.

### 3. REMOVING CONTENTIONS ABOUT DISMISSED DEFENDANTS.

Defendants do not oppose Richtek's request to delete infringement contentions pertaining to defendants that have been dismissed following a settlement conference. There can be no prejudice to either side inasmuch as this amendment would simplify Richtek's infringement contentions such that they address only those issues actually in contention in this action. Richtek acted diligently by bringing his motion less than one month after the last of the settling defendants was dismissed from the action. Thus, Richtek's motion to remove contentions pertaining to dismissed defendants is **GRANTED**.

### CONCLUSION

For the reasons stated above, Richtek's motion is **GRANTED** as to its request to delete infringement contentions related to dismissed defendants but otherwise **DENIED**. The hearing scheduled for **AUGUST 18** is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 15, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5