UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RICHTEK TECHNOLOGY CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>UPI SEMICONDUCTOR CORPORATION, et al.,<br><br>       Defendants. | Case No. 09-cv-05659-WHA (LB)<br><br>**DISCOVERY ORDER** |

    The court previously authorized use of discovery produced in the ITC.[1] The ITC protective orders limited use of the third parties' confidential business information ("CBI") to the ITC case and allowed its use in a parallel district-court proceeding only with written consent of the producing parties.[2] To protect interests of third parties who produced CBI in the ITC, the court ordered the parties to devise a notice to third parties to allow them to object to its disclosure here and to propose additional protections for their CBI.[3] The parties gave that notice to third parties.[4]

---

[1] Order — ECF No. 473 at 2-3; Order — ECF No. 537. Record citations refer to material in the Electronic Case File ("ECF; pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Letter Brief — ECF No. 526 at 2.

[3] Order — ECF No. 473 at 3.

[4] Letter Brief — EFC No. 526 at 5.

ORDER (No. 09-cv-05659-WHA (LB))

Because some parties did not provide their written consent, on September 30, 2016, the court ordered the parties to notify the third parties again about this parallel district-court proceeding and to inform them that the court ordered that they either (1) sign a written consent to the use of the information or to the process that the parties devised for third party Broadcom, or (2) file a written objection with the court no later than October 11, 2016, at 3 p.m. The "Broadcom process" is that the parties may review the CBI and must notify the producing party if they want to use any CBI at trial. The producing party then can object to its use. The court ordered the parties to send the producing parties the September 30 order and the order at ECF No. 473.[5]

In the September 30 order, the court set a hearing on October 13, 2016, at 11 a.m. to hear any objections. The order stated that if the third parties fail to sign a written consent or file an objection by October 11 at 3 p.m., then the court would find that they waived any objection to the same process that the court devised for Broadcom. The court also warned that failure to file an objection meant that the court would vacate the October 13 hearing.[6]

On September 7, 2016, the parties notified the ITC's Office of General Counsel about the issue. On September 30, the court directed the parties to provide a second notice to the ITC about the timeline for identifying objections and allowing the parties' orderly review of the discovery so that they can prepare for trial without prejudicing third parties' CBI produced in the ITC case.[7]

No one filed an objection by 3 p.m. today. The court thus vacates the October 13 hearing and orders the following. For any producing party that has not consented in writing to the use of its CBI, the parties may review the CBI as part of their trial preparation. If the parties want to use the CBI at trial, they must notify the producing party, which may raise any objections with the parties and then with the court.

**IT IS SO ORDERED.**

Dated: September 30, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] Order — ECF No. 537 at 2.
[6] *Id.* at 3.
[7] *Id.* at 2-3.